IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| IN RE: | * | |
|    Andy Elliott | * | Case No. 21-30420 |
|    Sandra Elliot | * | |
| | * | Chapter 7 |
| Debtor (s) | * | |

**DEBTORS' RESPONSE TO TRUSTEE'S OBJECTION TO CLAIM OF EXEMPTIONS**

Andy Elliott and Sandra Elliot, debtors (the "Debtors"), by counsel, hereby respond to the Trustee's Objection to Claim of Exemptions as follows:

1. The Debtors properly claimed the exemption for their home under North Dakota law. Contrary to the Trustee's assertion, the Debtors did not manipulate their financial situation to increase the equity in their home. The loss of the Debtors' income, which led to an inability to maintain mortgage payments, was not intentional or fabricated to exempt more property but was a genuine consequence of unforeseen financial hardship. The Debtor has provided all required documentation to substantiate the loss of income and the corresponding inability to meet mortgage obligations.

2. Further, under 11 U.S.C. § 348(f)(1), in cases converted from Chapter 13 to Chapter 7, the property of the estate in the converted case consists of the property of the estate as of the date of the original Chapter 13 filing, that remains in the possession of or is under the control of the debtor on the date of conversion. Property acquired after the commencement of the Chapter 13 case but before the conversion to Chapter 7 does not become part of the estate in the converted case unless the conversion was in bad faith. There has been no bad faith in this case; thus, the exemption for the home is appropriate.

3. The Trustee's objections regarding the valuations of the 2016 Chrysler 300, electronics, jewelry, guns, and bank accounts are unfounded. The Debtor maintains that all valuations

provided in the amended schedules reflect the current fair market value or liquidation value of these assets. As stipulated under 11 U.S.C. § 541, the property of the estate includes all legal or equitable interests of the debtor as of the commencement of the case. It is important to note that the values of these assets have decreased since the initial filing under Chapter 13 and subsequent conversion to Chapter 7, due to both depreciation and normal market fluctuations.

4. The Debtor's exemption claims are fully supported by both federal and state law. Under 11 U.S.C. § 522(b), the Debtor is allowed to exempt certain property from the estate, subject to limitations and conditions. North Dakota law permits the exemption of personal property, including the vehicle, jewelry, and electronics, up to the statutory limits. Additionally, federal exemptions were properly applied where state exemptions were not applicable or beneficial. The Trustee's objection fails to specify how these exemptions exceed statutory limits or otherwise violate exemption rules.

5. The Trustee's objections appear to lack the specificity required under Bankruptcy Rule 4003(b). The Trustee has not adequately demonstrated why the exemptions should be disallowed beyond general assertions.

6. Pursuant to Bankruptcy Rule 4003(c), the Trustee bears the burden of proving that the exemptions are not properly claimed. The Trustee has failed to provide substantial evidence to rebut the Debtor's exemption claims. Absent compelling proof of impropriety or fraud, the Debtor's exemptions should stand as claimed.

7. The Debtor has acted in good faith throughout the bankruptcy proceedings. The exemptions were claimed based on accurate valuations and a legitimate understanding of applicable laws. The Debtor has not attempted to hide assets or mislead the Court. Instead, the Debtor has cooperated with the Trustee's requests for additional information.

2

8. The Trustee's objections to the Debtor's exemptions are without merit and should be overruled.

WHEREFORE, the Debtors respectfully requests that the Court deny the Trustee's objections and allow the claimed exemptions as filed.

Dated August 28, 2024.

/s/ Chad E. Anderson
By: Chad E. Anderson (ND 08128)
Attorneys for debtor(s)
407 E. Ave. C.
Bismarck, ND  58501
701-214-5277
chad@chadandersonlaw.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 28th day of August, 2024, the foregoing was served upon the following by the Court's ecf system:

Gene W Doeling
heather@kaler-doeling.com,
mn20@ecfcbis.com

Robert B. Raschke
USTPRegion12.SX.ECF@usdoj.gov

Dated August 28, 2024.

*/s/ Chad E. Anderson*
By: Chad E. Anderson (ND 08128)
Attorneys for debtor
407 E. Ave. C.
Bismarck, ND  58501
701-214-5277
chad@chadandersonlaw.com