## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Bky. Case No. 21-30420 |
| | ) | Chapter 7 |
| Andy Baron Elliott, | ) | |
| Sandra Leah Elliott, | ) | **DEBTORS' BRIEF IN RESPONSE TO** |
| | ) | **TRUSTEE'S OBJECTION TO** |
| Debtors. | ) | **DEBTORS' CLAIM OF EXEMPTIONS** |
| | ) | |

### INTRODUCTION

This brief is submitted in response to the Trustee's Objection to the Debtors' claim of exemptions under North Dakota law. The Trustee has raised objections based on the amended values of assets in the Debtors' schedules and alleged bad faith on the part of the Debtors in their filing and exemptions. The Debtors maintain that their actions were in good faith, consistent with the Bankruptcy Code, and that the Trustee's objections should be overruled.

Furthermore, the trustee's characterization of the Debtors' actions as bad faith is both unfair and inaccurate. The Debtors, particularly Andy Baron Elliott, have been working diligently to navigate the complexities of the bankruptcy process while simultaneously managing significant personal and financial challenges. Mr. Elliott has been balancing the responsibilities of supporting his spouse, Sandra Leah Elliott, who has been providing care for her elderly mother residing in another state. Mrs. Elliott's mother suffers from significant health problems, which have placed additional emotional and financial strain on the family. On top of these personal difficulties, Mr. Elliott has continued to run his small business, working tirelessly to generate the necessary income for the family despite fluctuating revenues. The Debtors' efforts to comply with bankruptcy requirements and correct any errors or omissions in their schedules reflect their good faith, not an attempt to manipulate the process.

### I. PRELIMINARY ISSUE

The debtors are currently involved in an Adversary Case, where one of the primary issues revolves around an allegation of bad faith. This matter will be more fully examined within the context of the Adversary Case itself. Given that the question of bad faith may be integral to the adversary proceedings, it should not be adjudicated in the more summary process of an objection to exemptions.

### II. FACTUAL ALLEGATIONS

1. The Debtors filed a petition for Chapter 13 relief on September 28, 2021, and converted their case to Chapter 7 on January 9, 2024.

2. Prior to conversion, an amended Chapter 13 plan was confirmed on March 28, 2022.

3. The Debtors own a home in Watford City that was burdened by an ordinary mortgage at the time of their Chapter 13 case's commencement, against which they took out a second loan subsequent to the Chapter 7 conversion.

4. The Debtors reduced the value of the 2016 Chrysler 300. They originally scheduled the vehicle with a value of $15,000 on September 28, 2021; on July 19, 2024, they amended their schedules to reduce the value to $9,000 to accurately reflect the current value of this property.

5. The Debtors reduced the value of their electronics from the $2,000 originally scheduled to $1,000 to accurately reflect the current value of this property.

6. The Debtors amended their schedules to include two shotguns, which were previously unintentionally omitted and discovered during a discussion with the trustee.

7. The Debtors amended their schedules to reduce the value listed for their jewelry and four pets to accurately reflect the current value of these properties.

8. The Debtors made ordinary gifts to their children.

9. The Debtors expended relatively modest sums of money at sporting goods stores while their case was pending in Chapter 13.

10. The Debtors also purchased RV accessories in Chapter 13 to repair and replace any damage that occurred while borrowing an RV, in which Mrs. Elliot stayed to care for her ailing mother.

### III.     PROPERTY VALUATION AND SCHEDULE AMENDMENTS

The Trustee's objection points to changes in the values of the Debtors' assets in their amended schedules, suggesting these changes were made in bad faith to manipulate the bankruptcy estate. However, the Debtors assert that the amendments to Schedules A/B and C were necessary to reflect updated, accurate market values of their assets. The initial valuations were based on tax assessments, lender valuations, and Kelley Blue Book values for vehicles. These valuations were revised to reflect changes in the market as required under 11 U.S.C. § 348(f)(2), which provides that property of the estate consists of property as of the date of conversion, unless the conversion was made in bad faith. The amendments were made to correct discrepancies and update values to reflect reality, not manipulate the estate's interest.

In general, bankruptcy courts have held that "… simply taking advantage of the statute's provisions excluding property acquired during the Chapter 13 case from the Chapter 7 estate after conversion is not bad faith." 3 Collier on Bankruptcy P 348.07. *See also In re Bejarano*, 302 B.R. 559, 563 (Bankr. N.D. Ohio 2003) ("As stated by the court in *In re Siegfried*, 'bad faith' requires a determination that 'there has been an unfair manipulation of the bankruptcy system to the substantial detriment or disadvantage of creditors.'") (quoting *Siegfried*, 219 B.R. at 585); *In re Wiczek-Spaulding*, 223 B.R. 538, 540 (Bankr. D. Minn. 1998) ("… simply taking advantage of what the statute provides does not by itself amount to bad faith.").

The adjustments made were a result of the Debtors' good faith effort to comply with the legal requirement of providing accurate and up-to-date financial information. These actions do not reflect bad faith but rather the Debtors' dedication to following proper procedures while dealing with the stresses of managing a household, a small business, and the care of a sick family member.

## IV.     HOMESTEAD EXEMPTION AND MORTGAGE PAYMENTS

The Debtors initially claimed a homestead exemption based on equity in their home, as permitted under N.D.C.C. § 28-22-02(7). However, due to the Joint Debtor's loss of income and the Debtors' inability to make mortgage payments during their Chapter 13 plan, they negotiated a second mortgage to keep their home. This second mortgage eliminated the equity in the property, making the homestead exemption unnecessary. As a result, the Debtors switched to claiming the Exemption in Lieu of the Homestead Exemption under N.D.C.C. § 28-22-03.1(1). This change was appropriate and legally justified, given the lack of equity in the home.

The Debtors' failure to make mortgage payments was not the result of negligence or bad faith; rather, it was due to circumstances beyond their control, including the loss of income and the financial strain caused by Mrs. Elliott's caregiving responsibilities for her mother. The Debtors acted reasonably by negotiating a second mortgage to retain their home, and their decision to claim the Exemption in Lieu of the Homestead Exemption was fully within their legal rights.

## V.     SECOND MORTGAGE AND REDUCTION IN EQUITY

The Debtors took out a second mortgage on their home as a result of their inability to make mortgage payments under their Chapter 13 plan. This decision was made in good faith as part of their efforts to retain their home despite financial difficulties. The second mortgage absorbed any remaining equity in the home, rendering the property's value lower than initially

scheduled. Therefore, the Exemption in Lieu of the Homestead Exemption became the proper exemption to claim.

The Trustee's suggestion that this action constitutes bad faith fails to take into account the Debtors' difficult circumstances, including the compounding factors of medical care needs of Mrs. Elliott's mother resulting in Mrs. Elliot's job loss and source of household income as well as the financial burden of Mr. Elliot being the sole source of income while running a small business during this period. The Debtors' actions were a reasonable and necessary response to their situation, not an attempt to circumvent bankruptcy rules.

## VI.     ADJUSTMENTS TO ASSET VALUES

The reduction in the values of certain personal property, such as the 2016 Chrysler 300, household electronics, jewelry, and other items, is consistent with the natural depreciation of these assets between the time of the initial Chapter 13 filing and the conversion to Chapter 7. The Debtors revised these values to reflect accurate, current market values, as required under bankruptcy law.

The Debtors' adjustments were not made with the intent to deceive or conceal assets from the estate. Instead, they were simply updating the schedules to reflect current market conditions, as required. These actions were taken in good faith in the face of their changed, challenging financial situation.

## VII.    TRANSFERS TO CHILDREN

The Trustee's objection mentions the Debtors' transfer of money and a vehicle to their children. These transfers were not made in anticipation of bankruptcy but were ordinary gifts, including a traditional graduation gift of a used vehicle. The transfers were not intended to defraud creditors or the estate, and the Debtors did not act in bad faith.

## VIII. BUSINESS TRANSACTIONS AND BANK DEPOSITS

The large bank deposits made shortly before the conversion to Chapter 7 were business-related and represented payments from customers for future work and parts required for repairs. These deposits were not income but business funds to be used for operational expenses. As such, they were not improperly withheld from the estate.

## VII. TRUSTEE'S ALLEGATIONS OF BAD FAITH

The Trustee's assertions of bad faith are both unfounded and unfair. The Debtors have acted in good faith throughout the bankruptcy process, despite the significant personal and financial challenges with which they have contended. Mr. Elliott has worked hard to keep his small business running while supporting Mrs. Elliot as she continues to care for her elderly mother, all while navigating the complexities of bankruptcy. Any omissions or errors in their schedules were promptly corrected once identified, and the Debtors have been fully transparent with the Trustee about their financial situation.

## CONCLUSION

The Debtors' amendments to their schedules, claims of exemptions, and handling of their financial affairs were made in good faith and in compliance with bankruptcy law. The changes were made to accurately reflect the value of assets and financial circumstances at the time of conversion to Chapter 7. The Trustee's objections fail to consider the difficult circumstances the Debtors have been managing during this process, and as such, the objections should be overruled, and the Debtors' claimed exemptions should be allowed as filed.

**Respectfully submitted,**

Dated this 21st day of October 2024.

                                                        */s/ Chad E. Anderson*
                                                       Chad E. Anderson (ND Atty. ID 08128)
                                                      Chad Anderson Law Firm
                                                      Attorney for Debtors
                                                      407 E. Ave. C.
                                                      Bismarck, ND 58501
                                                      (701) 214-5277
                                                      chad@chadandersonlaw.com