UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In re: | Bky. Case No.: 21-30420 |
| | Chapter 7 |
| Andy Baron Elliott, | |
| Sandra Leah Elliott, | **SETTLEMENT AGREEMENT** |
| | |
| Debtors. | |

Gene Doeling, as the bankruptcy trustee, enters into this settlement agreement with the Debtors Andy Baron Elliott and Sandra Leah Elliott, to resolve the adversary proceeding commenced against them and the trustee's contention that they converted their Chapter 13 bankruptcy case to Chapter 7 in bad faith, and the bankruptcy estate's claims against them for property belonging to the bankruptcy estate. The parties agree as follows:

1. The bankruptcy trustee commenced an adversary proceeding against the Debtors on August 13, 2024, as Case # 24-07012. That action seeks to deny the Debtors a discharge pursuant to 11 U.S.C. §§ 727 (a)(2), (3), (4), and (6). The trustee alleges that the Debtors have either concealed their records or failed to keep and preserve recorded information sufficient to ascertain the nature of their business and transactions; the Debtors made false oath for failing to disclose all of their assets; the Debtors, with intent to hinder, delay, or defraud a creditor or the bankruptcy estate, transferred property both before and after the bankruptcy filing; and the Debtors have failed to obey an order of the bankruptcy court.

2. The bankruptcy trustee also alleged in the adversary proceeding that the conversion of their Chapter 13 bankruptcy case to Chapter 7 was done in bad faith.

3. The bankruptcy trustee now alleges that the Debtors had access to in excess of $120,000 in the two months following the filing of their bankruptcy, much of which could have been used to make bankruptcy payments; the Debtors had equity in a recreational vehicle including having made a $5,000 payment on the vehicle on January 1, 2024, and the Debtors had between $20,000 and $40,000 in firearms and similar type sporting goods at the time of the conversion.

4. The trustee alleges that the Debtors have abandoned their Watford City, ND homestead.

5. To settle this case, the parties agree as follows:

6. The Debtors hereby abandon and forgo any and all rights and claim of exemption

Docusign Envelope ID: 6823F298-83D6-460A-B867-9F91A3C290C1

      in the Watford City, ND real estate listed in their bankruptcy filings, which shall be property of the bankruptcy estate; the Debtors shall execute all documents requested by the bankruptcy trustee in establishing the ownership of that property solely in the name of the bankruptcy estate.

7. Andy Baron Elliott agrees that his discharge in this bankruptcy case shall be denied pursuant to 11 U.S.C. §§ 727 (a)(2), (3), (4), and (6).

8. Sandra Leah Elliott shall receive a discharge in this bankruptcy case, and the bankruptcy trustee agrees that he will not pursue denial of discharge as to Sandra Leah Elliott under 11 U.S.C. § 727, provided that the Debtors pay to the bankruptcy estate the sum of $15,000 prior to approval of this Settlement Agreement by the Bankruptcy Court. Payment of the $15,000 is a condition precedent to the trustee's agreement to withdraw and waive all claims seeking denial of discharge as to Sandra Leah Elliott. In the event such payment is not received prior to court approval, the trustee shall have no obligation to support, consent to, or refrain from opposing entry of a discharge in favor of Sandra Leah Elliott. Nothing in this Agreement shall be construed as granting, securing, or entitling Sandra Leah Elliott to a discharge absent satisfaction of this condition precedent.

9. To settle the bankruptcy estate's right to recovery of property of the bankruptcy estate following a bad faith conversion of their bankruptcy case to Chapter 7, the Debtors shall pay and hereby stipulate to the entry of judgment in favor of the bankruptcy estate, in the sum of $100,000. The parties agree that judgment shall be entered denying the discharge of Andy Baron Elliott only and awarding the bankruptcy estate a judgment against Andy Baron Elliott in this sum. The bankruptcy estate waives its rights in all other property of the bankruptcy estate as it existed on the date this bankruptcy case was converted to Chapter 7, January 8, 2024, and shall have no right to such property, other than the Watford City, ND homestead real estate.

10. The bankruptcy trustee and Debtors further agree that in the event the Debtors shall pay to the bankruptcy estate the sums of 1) $15,000 by February 28, 2026, 2) $5,000 by March 31, 2026, 3) $5,000 by April 30, 2026, 4) $5,000 by May 31, 2026, and 5) $15,000 by June 30, 2026, the trustee shall then satisfy in its entirety the monetary judgment against Andy Baron Elliott entered in adversary case # 24-07012. The trustee further agrees that he will not attempt to enforce the monetary judgment against Andy Baron Elliott so long as each payment described above has been timely made. In the event the Debtors default on the payment schedule described, following a seven-day written notice to the Debtors' attorneys, the bankruptcy trustee may immediately thereafter enforce the remaining amount of the judgment without further notice.

11. The Debtors represent that they have fully read and understand the terms of this agreement and have consulted with their attorney regarding the terms and conditions of this agreement and voluntarily enter into this agreement of their own free will.

Docusign Envelope ID: 6823F298-83D6-460A-B867-9F91A3C29D6A

12. This agreement is subject to bankruptcy court approval, which the bankruptcy trustee shall promptly seek to obtain.

Dated: 1/14/2026

Andy Baron Elliott, Debtor

Dated: 1/14/2026

Sandra Leah Elliott, Debtor

Dated: 1/16/2026

Maurice VerStandig, Attorney for the Elliotts

Dated: 1-20-2026

Gene W. Doeling, Bankruptcy Trustee

Dated: 1/19/2026

Kip M. Kaler, Attorney for Bankruptcy Trustee